# EXHIBIT F

U.S. Patent Application Serial No. 11/898,912

Amendment dated May 31, 2011

Reply to Office Action of November 30, 2010

## REMARKS

Claims 9-31 are pending, claims 1-8 canceled, claims 9, 10, 19 and 20 are amended, and new claims 23-31 are added. Support for new claims 23-31 is found throughout the Specification and the Figures. Applicant respectfully submits that no new matter has been added.

Applicant was requested to make an election, and claims 9-22 (Group II) were selected for consideration. Claims 1-8 (Group I), accordingly, were withdrawn, subject to a restriction requirement, and are canceled herein. Applicant respectfully submits that withdrawn claims 1-8 will be filed in a subsequent divisional or continuation application.

Claims 9, 10 and 20 are amended for clarity, i.e., to better indicate that the peripheral devices are controlled by the wireless device user through the cell phone or PDA without the host computer involvement (apart from connectivity). Pending claim 19 is amended to correct a typographical error.

Turning to the instant Office Action rejections, claims 9-15, 17 and 19-22 stand rejected under 35 U.S.C. § 102(e) as being anticipated by U.S. Patent Application Publication No. US2009/0197652 to Lundstrom et al. (hereinafter "Lundstrom"). Applicant respectfully traverses this rejection.

The present invention is directed to an innovative approach to employ a cell phone or like PDA, through connectivity to the peripheral components of a desktop computer or electronic system, to create a media center controlled by the user through the cell phone – without the usage of the computing power of the peripherals' PC. With the cell phone as a connectivity conduit to remote user information, such as a song or movie, a cell phone or PDA user can control various constituent or peripheral parts of a PC (or other system such as a stereo or display) remotely.

U.S. Patent Application Serial No. 11/898,912
Amendment dated May 31, 2011
Reply to Office Action of November 30, 2010

Applicant respectfully submits that Lundstrom is directed to a different technology and technological paradigm than that of the instant invention, as claimed.

Fist, Applicant objects to the equivalency drawn by the Examiner between the connection between the I/O devices in a portable PC and the I/O devices in a desktop PC of Lundstrom with the connection between the cell phone or PDA and various "peripheral" devices of the instant invention. There is a significant difference between the two approaches. Indeed, there is a significant difference between connection to a PC (and all of its constituent parts) and a connection to a "peripheral" device. By definition, a "peripheral is a device attached to a host computer, but not part of it, and is more or less dependent on the host. It expands the host's capabilities. But does not form part of the core computer architecture." See, Wikipedia definition of "Peripheral." Furthermore, the common definition of a computer is a CPU and the core components, such as the motherboard and memory, i.e., the "computer itself --and not the monitor, keyboard and mouse." See, Wikipedia definition of "Computer."

Further, the peripheral components of the claimed invention, following this definition, constitute "dumb" devices, such as speakers, monitors, displays, keyboards, a computer mouse, and other separate and peripheral devices, all of which are directly controlled by the cell phone or PDA, which acts as the "CPU." The host PC is not controlling. Thus, by definition the instant claims differ markedly from the disclosure of Lundstrom. Furthermore, Lundstrom does not define peripheral devices, and also fails to disclose or suggest the direct connectivity of peripheral devices to the cell phone.

U.S. Patent Application Serial No. 11/898,912
Amendment dated May 31, 2011
Reply to Office Action of November 30, 2010

Second, Lundstrom merely describes a conventional tethering operation of a cell phone to a computer, and not the peripheral cell phone control of the claimed invention. Indeed, in Lundstrom, the connectivity is actually between two computers, where a PC or laptop connects to the Internet via another PC's or a cell phone's wireless Internet connection, providing a bridge connection but not ceding control. The instant invention, as claimed, does not use a cell phone to connect a "computer" to the Internet, as with Lundstrom. Quite the reverse, the instant invention connects peripheral devices (connected to the computer) to the cell phone to create a desktop computing environment on the cell phone. Indeed, the instant invention combines a cell phone or like PDA with peripheral devices to create a desktop PC, a portable PC, a digital tablet and/or media center that relies on the processor, memory and computational capabilities of the cell phone in combination with various peripheral devices, such as monitors, keyboards, mice, speaker systems, and various combinations thereof.

Applicant respectfully submits that the paradigms of operation are radically different. So different, that Applicant respectfully submits that one skilled in the art would not implement the present invention using Lundstrom alone. Lundstrom fails as an anticipatory reference, and the paradigm of Lundstrom in no way suggests the teachings of the present invention.

Nonetheless, in an effort to better clarify the instant invention and distinguish it from the prior art, such as Lundstrom, Applicants herein amend claims 9, 10 and 20 to better reflect the differences between the two paradigms. Applicant respectfully submits that the above argument and this clarification readily distinguish the instant invention from that of the likes of Lundstrom.

In view of the aforementioned amendments, arguments and remarks, Applicants respectfully submit that the rejection has been overcome. Reconsideration and withdrawal of the § 102(e) rejection of claims 9-15, 17 and 19-22 are respectfully requested. Applicants further respectfully submit that the instant invention, as claimed, is not rendered obvious in view of Lundstrom and its ilk at least for the reasons set forth above.

11

U.S. Patent Application Serial No. 11/898,912
Amendment dated May 31, 2011
Reply to Office Action of November 30, 2010

Turning again to the instant Office Action rejections, claims 16 and 18 stand rejected under 35 U.S.C. § 103(a) as being unpatentable for obviousness over Lundstrom in view of U.S. Patent Application Publication No. 2008/0192806 to Wyper et al. (hereinafter "Wyper"). Applicants respectfully traverse this rejection also.

The many and serious deficiencies of Lundstrom have been discussed, the least of which are the paradigmical differences. Wyper adds little and fails to cure the aforementioned deficiencies. As with Lundstrom, Wyper is directed to Bluetooth capabilities, and fails to correct the aforementioned different paradigm of Lundstrom or provide an elaboration on mechanisms to change it to one nearer that of the claimed invention.

Accordingly, Applicant respectfully submits that Wyper not only fails to cure the aforementioned deficiencies of Lundstrom, but leads one of skill in the art in the opposite direction as the present invention, as claimed.

Applicant respectfully submits that Wyper utterly fails to cure the aforementioned deficiencies of Lundstrom as a primary reference against the instant invention. The proposed combination Wyper to Lundstrom fails to suggest the present invention, and does not render the instant invention obvious. One of skill in the art of Lundstrom would not look to Wyper for inspiration for the instant invention, as claimed.

Applicant, therefore, respectfully submits that the proposed combination of Lundstrom and Wyper is deficient on numerous grounds and fails to suggest the present invention, as claimed. Reconsideration and withdrawal of the § 103(a) rejection of claims 16 and 18 are, accordingly, respectfully requested.

Reconsideration and withdrawal of all of the aforementioned §§102(b) and 103(a) rejections are respectfully requested in view of the arguments and amendments presented herein. Applicant respectfully submits that new claims 23-31 are also novel and nonobvious at least in view of the references cited herein and distinguishing arguments cited hereinabove.

U.S. Patent Application Serial No. 11/898,912
Amendment dated May 31, 2011
Reply to Office Action of November 30, 2010

In view of the above amendments and remarks, Applicant respectfully requests a Notice of Allowance. If the Examiner believes a telephone conference or personal Interview would advance the prosecution of this application, the Examiner is invited to telephone the undersigned at the below-listed telephone number for an Interview, whether telephonic or personal. Applicant's representative prefers to personally interview, at least initially.

Respectfully submitted,

Raymond Van Dyke
Van Dyke Law
Washington Square
P.O. Box 65302
1050 Connecticut Avenue NW
Washington, DC 20035
(202) 378-3903

Date: May 31, 2011

Raymond Van Dyke
Registration No. 34,746

**97110**
PATENT TRADEMARK OFFICE

13